Debtor(s): **Shatana Youlander Lee**        Case Number: **19-11907**

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA - SHREVEPORT DIVISION**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

**Part 1:** Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☐ Included | ☑ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☑ Included | ☐ Not Included |

**Part 2:** Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments for a total of 60 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $**465** per **month** for **60** months, and
$_____ per _____ for _____ months.
$_____ per _____ for _____ months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$_____ per _____ for _____ months, and
$_____ per _____ for _____ months.

Debtor(s): __Shatana Youlander Lee_____  Case Number: __19-11907_____

$_____ per _____ for _____ months.

**Check one:** The applicable commitment period is:  36 months (Below Median Income) ☑
60 months (Above Median Income) ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds**. During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

> **All income tax refunds received while the case is pending, excluding the greater of Earned Income Credit (EIC) or $500.00.**

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☑  **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

**Part 3:  Treatment of Secured Claims**

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked. (1.6)*

☑  The claims listed below were either: (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Debtor(s): | Shatana Youlander Lee | | Case Number: | 19-11907 |
|---|---|---|---|---|

| Name of Creditor | Collateral Description | Amount of Claim | Interest Rate | Estimated avg. monthly plan payment |
|---|---|---|---|---|
| GM Financial | 2016 Nissan Rogue 55,000 miles | $15,075.00 | 6.00% | $291.44 |
| Ivan Smith Furniture | Bedroom Furniture, Bistro Set, Bar Stools, Nightstands, Mirror & Dresser and other misc. household items | $1,600.00 | 6.00% | $30.93 |

**3.4 Lien avoidance**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:    Treatment of Fees and Priority Claims**

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $__**3,600.00**__ of which $__**3,600.00**__ is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $__**0.00**__ for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3 Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|

| Debtor(s): | Shatana Youlander Lee | Case Number: | 19-11907 |

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Simon Fitzgerald, LLC | Noticing Costs | $250.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Part 5: | **Treatment of Non-priority Unsecured Claims** |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $**82,367.55**, it is anticipated unsecured creditors will be paid approximately $**1,500.00**, which is approximately **1.80** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

| Part 6: | **Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract** |

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

| Part 8: | **Other Plan Provisions** |

**8.1 Adequate Protection Payments:**

**Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.**

| Creditor | Adequate Protection Payment |
|---|---|
| GM Financial | $135.13 |
| Ivan Smith Furniture | $9.50 |

**8.2 Changed Circumstances.**

**Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.**

| Part 9: | **Nonstandard Plan Provisions** |

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Debtor(s): | **Shatana Youlander Lee** | Case Number: | **19-11907** |
|---|---|---|---|

| **Part 10:** | **Signatures** | | |
|---|---|---|---|

| **/s/ Paul M. Cooke, #4311; Keith M. Welch, #13347** | Date: | **December 19, 2019** |
|---|---|---|
| **Paul M. Cooke, #4311; Keith M. Welch, #13347** | | |
| Signature of Attorney for Debtor(s) | | |

| **/s/ Shatana Youlander Lee** | Date: | **December 19, 2019** |
|---|---|---|
| **Shatana Youlander Lee** | | |
| Debtor | | |
| | Date: | |
| Joint Debtor | | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

IN RE: Shatana Youlander Lee  :  Case No: 19-11907

Debtor  :  Chapter 13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 19, 2019,** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee    Todd S. Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated: December 19, 2019**

**By:** /s/ Debbie G. Brown
Debbie G. Brown,
Legal Assistant to Paul M. Cooke

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0536-5<br>Case 19-11907<br>Western District of Louisiana<br>Shreveport<br>Thu Dec 19 14:02:17 CST 2019 | AfterPay<br>16011 College Blvd., #130<br>Lenexa, KS 66219-9877 | Better Day Loans<br>POB 6882<br>Santa Rosa, CA 95406-0882 |
| Bossier Parish Community College<br>6220 East Texas<br>Bossier City, LA 71111-6922 | CB Indigo/GF<br>POB 4499<br>Beaverton, OR 97076-4499 | Caddo Parish Sheriff<br>505 Travis St., 7th Floor<br>Shreveport, LA 71101-3028 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Comcast<br>7435 Youree Dr., #300<br>Shreveport, LA 71105-5535 | Comcast Cable Collections<br>6529 Quilen Road<br>Shreveport, LA 71108-4438 |
| Comenity Bank<br>Banruptcy Department<br>POB 182125<br>Columbus, OH 43218-2125 | ComenityBank/Buckle<br>POB 182789<br>Columbus, OH 43218-2789 | Conn Appliances<br>3295 College Street<br>Beaumont, TX 77701-4611 |
| Conn Appliances, Inc. - AFSOP<br>c/o C/T Corporation System<br>3867 Plaza Tower Drive<br>Baton Rouge, LA 70816-4378 | Paul M. Cooke<br>Simon, Fitzgerald, Cooke, et al<br>4700 Line Ave. Suite 200<br>Shreveport, LA 71106-1533 | Credit One Bank NA<br>PO Box 98875<br>Las Vegas, NV 89193-8875 |
| Cristina Walker<br>Assistant United States Attorney<br>Western District of Louisiana<br>300 Fannin Street, Suite 3201<br>Shreveport, LA 71101-3120 | Dept of Education/Nelnet<br>121 S 13th Street<br>Lincoln, NE 68508-1904 | Enhanced Recovery Corp<br>8014 Bayberry Road<br>Jacksonville, FL 32256-7412 |
| First Premier Bank<br>601 S. Minnesota Ave.<br>Sioux Falls, SD 57104-4868 | GM Financial<br>POB 181145<br>Arlington, TX 76096-1145 | GM Financial<br>c/o Corporation Service<br>Company - Agent<br>501 Louisiana Avenue<br>Baton Rouge, LA 70802-5921 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Ivan Smith Furniture<br>Legal Department<br>1110 West 70th Street<br>Shreveport, LA 71106-3545 |
| Ivan Smith Furniture Co. LLC<br>c/o Ivan I. Smith, Jr. - Agent<br>5434 Technology Dr.<br>Shreveport, LA 71129-2682 | JPMCB Card<br>PO Box 15298<br>Wilmington, DE 19850-5298 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Todd Johns (Ch 13 Trustee)<br>Chapter 13 Trustee<br>POB 1770<br>Shreveport, LA 71166-1770 | Kia Motors Finance<br>4000 Macarthur Blvd.<br>Newport Beach, CA 92660-2558 | LA Dept of Public Safety & Corr.<br>POB 64886<br>Baton Rouge, LA 70896-4886 |

| | | |
|---|---|---|
| LVNV Funding<br>POB 10587<br>Greenville, SC 29603-0587 | Shatana Youlander Lee<br>530 Coon St.<br>Shreveport, LA 71104-2766 | Louisiana Department of Revenue and Taxation<br>Attn: Bankruptcy Division<br>P.O. Box 66658<br>Baton Rouge, LA 70896-6658 |
| Office of District Counsel<br>Internal Revenue Service<br>POB 30509<br>New Orleans, LA 70190-0509 | Office of Motor Vehicles<br>9310 Normandie Dr.<br>Shreveport, LA 71118-3800 | (p)PLAIN GREEN LOANS<br>93 Mack Road, Suite 600<br>Box Elder, MT 59521 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Purchasing Power<br>1349 W. Peachtree St., NW, #1100<br>Atlanta, GA 30309-2956 | SYNCB/QVC<br>PON 965018<br>Orlando, FL 32896-0001 |
| SYNCB/Walmart<br>POB 965024<br>Orlando, FL 32896-5024 | State of Louisiana, Department of Labor<br>Delinquent Accounts Unit,UI Tech Support<br>1001 North 23rd Street, Room 322<br>Baton Rouge, LA 70802-3338 | Stephen A. Quidd<br>Dept of Public Safety & Corr.<br>POB 66614<br>Baton Rouge, LA 70896-6614 |
| (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | U-Own<br>POB 18022<br>Tampa, FL 33679-8022 | Office of U. S. Trustee<br>300 Fannin St., Suite 3196<br>Shreveport, LA 71101-3122 |
| Vance & Huffman, LLC<br>55 Monette Pkwy, Ste. 100<br>Smithfield, VA 23430-2577 | Verizon Wireless Bankruptcy<br>Administration<br>500 Technology Drive, Suite 550<br>Weldon Spring, MO 63304-2225 | Keith M. Welch<br>Simon, Fitzgerald, Cooke, et al<br>4700 Line Ave. Suite 200<br>Shreveport, LA 71106-1533 |
| (p)TEMPOE LLC DBA WHY NOT LEASE IT<br>ATTN BOB HOLWADEL<br>720 EAST PETE ROSE WAY SUITE 400<br>CINCINNATI OH 45202-3576 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Capital One Bank USA NA<br>15000 Capital One Drive<br>Richmond, VA 23238 | Insolvency Unit<br>Internal Revenue Service<br>1555 Poydras St.<br>Suite 220, Stop 31<br>New Orleans, LA 70112 | Jefferson Capital System<br>16 McIeland Rd<br>Saint Cloud, MN 56303 |
| Plain Green Loans<br>93 Mack Rd. Ste. 600<br>POB 255<br>Box Elder, MT 59521 | Portfolio Recovery Associates<br>150 Corporate Blvd.<br>Norfolk, VA 23502 | T-Mobile Bankruptcy Team<br>POB 53410<br>Bellevue, WA 98015 |

Why Not Lease It  
720 East Pete Rose Way, #400  
Cincinnati, OH 45202

End of Label Matrix  
Mailable recipients    48  
Bypassed recipients     0  
Total                  48